IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BLOKING<br>335 Linden Avenue<br>Glenside, PA 19038 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : No.:<br>: |
| v. | :<br>: |
| INTERSTATE BRANDS<br>CORPORATION, d/b/a WONDERBREAD<br>12 East Armour Boulevard<br>Kansas City, MO 64111 | : **JURY TRIAL DEMANDED**<br>:<br>:<br>: |
| Defendants. | :<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, John Bloking (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff initiates the instant action to redress violations by Defendants of 42 U.S.C. § 1981. Plaintiff was unlawfully terminated by Defendants, and he seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in

order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Interstate Brands Corporation is a subsidiary of Hostess Brands Inc., and it operates as a nationwide wholesale baker and distributor.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV. Factual Background

9. The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

10. Plaintiff is a Caucasian male.

11. Plaintiff was employed by Defendant for a short period of time at its Philadelphia, PA location.

12. Plaintiff worked for Defendant as a laborer performing shipping and receiving duties.

13. In total, Plaintiff worked for Defendant for approximately three (3) months until on or about May 31, 2012 when he was terminated.

14. Plaintiff was not given any written discipline during his short tenure with Defendant.

15. Plaintiff was supervised by one Quami Beaffour (spelled phonetically) who is black, and upon information and belief, of Haitian descent.

16. A small percentage of the approximate 20 or more employees Beaffour supervised were Caucasian, as most individuals supervised by Beaffour were black.

17. Plaintiff was clearly treated disparately based upon his race by Beaffour in the manner in which he was talked to, laughed at, and commented about. Additionally, Beaffour would refer to Plaintiff as the stupid white boy.

18. Within the week prior to Plaintiff's termination from Defendant, he complained that Beaffour was racist to Beaffour himself and to Beaffour's management.

19. Shortly after his complaints of racial discrimination, Plaintiff was terminated from Defendant without any meaningful explanation because of his race and/or complaints of racial discrimination.

### Count I
### Violation(s) of 42 U.S.C. Section 1981
### ([1] Racial Discrimination; and [2] Retaliation)

20. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3

21. Plaintiff was terminated from Defendant because of his race and/or because of his complaints of racial discrimination.

22. These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the

financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

      G.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                              Respectfully submitted,

                                              **KARPF, KARPF & CERUTTI, P.C.**

                             By: _____
                                              Ari Karpf
                                              3331 Street Road
                                              Two Greenwood Square
                                              Suite 128
                                              Bensalem, PA 19020
                                              (215) 639-0801

Dated: June 14, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

John Bloking : CIVIL ACTION
v.
Interstate Brands Corporation
d/b/a Wonderbread : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 6/15/2012 | Ari R. Karpf | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 325 Linden Avenue, Glenside PA 19038

Address of Defendant: 12 East Armour Blvd, Kansas City MO 64111

Place of Accident, Incident or Transaction: Defendants place of business

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 06/15/2012    Attorney-at-Law    ARK2484    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/15/2012    Attorney-at-Law    ARK2484    Attorney I.D.# 91538

CIV. 609 (6/08)

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BLOKING, JOHN

(b) County of Residence of First Listed Plaintiff: **Montgomery**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
INTERSTATE BRANDS CORPORATION, d/b/a WONDERBREAD

County of Residence of First Listed Defendant: **Jackson**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISON PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 USC 1981**

Brief description of cause:
**Violations of 42 USC 1981**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE: 6/15/2012

SIGNATURE OF ATTORNEY OF RECORD

[Print] [Save As...] [Export as PDF] [Retrieve PDF File] [Reset]